IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 11-cv-02850-WYD
Criminal Action No.  09-cr-00157-WYD

UNITED STATES OF AMERICA,

v.

1.  ALTON JOHN SMITH, a/k/a Austin O. Ikeme,

    Defendant.

ORDER

    This matter is before the Court on Defendant's ***pro se*** "Motion 2255 Ineffective Assistance of Counsel/Attorney Misconduct & Unethical Behavior" filed November 2, 2011, [ECF No. 145].  The Court must construe the motion liberally because Defendant is not represented by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a ***pro se*** litigant.  ***See Hall***, 935 F.2d at 1110.  For the reasons stated below, Defendant will be ordered to file an amended motion.

    The Court has reviewed the 28 U.S.C. § 2255 motion and finds that the motion does not comply with the Rules Governing Section 2255 Proceedings for the United States District Courts.  Rule 2(c) provides that "[t]he motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."  Defendant's § 2255 motion does not substantially follow the form appended to the Section 2255 rules or the Court's 28 U.S.C. § 2255 form motion that is available at

www.cod.uscourts.gov.

In addition, Defendant fails to assert his claims in a clear and concise manner that allows the Court and the government to know precisely how Defendant believes his rights have been violated and why he believes he is entitled to relief.  Pursuant to Rules 2(b)(1) and 2(b)(2) of the Rules Governing Section 2255 Cases in the United States District Courts, Defendant must "specify all [available] grounds for relief" and he must "state the facts supporting each ground."  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  **See Mayle v. Felix**, 545 U.S. 644, 655 (2005) (discussing identical rules applicable to 28 U.S.C. § 2254 applications).  Naked allegations of constitutional violations are not cognizable.  **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

For these reasons, Defendant will be directed to file an amended § 2255 motion if he wishes to pursue his claims.  Defendant must present his claims clearly and concisely in accordance with the Rules Governing Section 2255 Proceedings and he must present his claims in a manner that substantially follows either the form appended to the Rules Governing Section 2255 Proceedings or the Court's own form motion.  Accordingly, it is

ORDERED that Defendant shall have **thirty (30) days from the date of this order** to file an amended § 2255 motion that complies with the requirements specified in this order.  It is

FURTHER ORDERED that the 28 U.S.C. § 2255 motion filed on November 2, 2011, [ECF No. 145] will be denied without further notice if Defendant fails to file an

amended § 2255 motion within the time allowed.

Dated: November 8, 2011.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE